JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
JACOB OPERSKALSKI
Assistant United States Attorney
Nevada Bar No. 14743
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Jacob.Operskalski@usdoj.gov
*Attorneys for United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:23-cr-00111-GMN-DJA |
| v. | **Government Sentencing Memorandum and Response to Defendant's Memorandum** |
| ANTHONY LEWIS HAMELIN, A.K.A. TONY HAMELIN, | |
| Defendant. | |

In the middle of the night between June 1-2, 2023, Anthony Lewis Hamelin ("Hamelin") called the spouse of a then member of the United States House of Representatives and left a voicemail threatening to kill their son, stating that Hamelin was enroute to his intended victim; Hamelin also shared intimate knowledge of his intended victim's whereabouts.

The United States of America, by and through undersigned counsel hereby submits its sentencing memorandum in the case against Anthony Lewis Hamelin ("Hamelin"). For the reasons stated herein, the government is recommending a sentence of 46 months. This is a joint recommendation of a within-guidelines sentence, and would be sufficient, but not greater than necessary to accomplish the goals of sentencing.

\\

## I.  Factual and Procedural History

Late in the evening on June 1, 2023, and into the morning of June 2, 2023, Hamelin called and texted the cellular phone of J.M., the spouse of a then-member of the United States House of Representatives, K.M., leaving numerous threatening messages. Hamelin left the following threat in a voicemail directed at J.M. and K.M.'s son:

> I know where you work, I know who your coworkers are. I'm in Las Vegas and I'm coming your way. So I told your father I'm coming, and I told your father about the law of unintended consequences . . . . And needless to say, unfortunately, you're the undeserving consequence of his deserving punishment. It's nothing personal. But when you see me, you'll know. You'll know, and you'll know that even though it's my hand, your father killed you.

ECF No. 40 at 8. Hamelin additionally stated that he knew where his victim lived, his victim's apartment number, the layout of the apartment, and that Hamelin looked at apartments on that street. Furthermore, he stated that he had "no more anchors, no more, no more, anything holding me back . . . ."

Hamelin also sent J.M. text messages stating anger and frustration with K.M. for carrying out his official duties. Hamelin sent the following in a text message: "I want to look at K[.M.] in the eye and tell him the hard truth….He killed [C.M.] He did. Karma and the Law of Unintended Consequences..came home to roost! I want to see the pain when he hears that truth .in open Court[.]"

On June 2, 2023, Las Vegas Metropolitan Police Officers and U.S. Capital Police agents located Hamelin and placed him under arrest. Hamelin was advised of his *Miranda* rights, which he voluntarily waived in order to speak with law enforcement officials. Hamelin clearly and unequivocally detailed his plan to travel to kill the son of a then member of the U.S. House of Representatives. Hamelin even detailed how there was a

store nearby the victim's residence where he would purchase a letter opener to commit the murder.

On the same day, June 2, Hamelin was charged by Complaint with one count of influencing, impeding, or retaliating against a federal official by threatening a family member in violation of 18 U.S.C. § 115(a)(1)(A). ECF No. 1. On June 13, a federal grand jury returned an Indictment charging Hamelin with one count of influencing, impeding, or retaliating against a federal official by threatening a family member in violation of 18 U.S.C. § 115(a)(1)(A) and one count of transmitting a communication containing a threat to injure in violation of 18 U.S.C. § 875(c). ECF No. 10.

On March 11, 2024, Hamelin pleaded guilty to both counts of the Indictment pursuant to a plea agreement. ECF Nos. 39 – 40. Sentencing is currently set for June 10, 2024.

## II.  Guideline Calculations

The guideline calculations in the presentence investigation report ("PSR") are accurate and are consistent with those stipulated upon by the parties.

The PSR properly calculated a base offense level of 12 pursuant to U.S.S.G. § 2A6.1(a). There is a 6-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(1) because Hamelin demonstrated an intent to carry out his threats. Hamelin made more than one threat, so there is a 2-point enhancement pursuant to U.S.S.G. § 2A6.1(b)(2)(A). Finally, a 6-point enhancement applies pursuant to U.S.S.G. § 3A1.2(a) and (b), based on the status of the victim.

The PSR subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). PSR ¶¶ 40-41. With a total offense level 23 and criminal history category I, the advisory guideline range is 46-57 months' imprisonment.

In accordance with the plea agreement, the government recommends a sentence at the low end of the applicable guideline range: 46 months, as sufficient but not greater than necessary to accomplish the goals of sentencing.

### III.  Discussion

Pursuant to 18 U.S.C. § 3553(a), the Court must consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense and promote respect for the law; (4) the need to afford adequate deterrence; and (5) the need to avoid unwarranted sentencing disparities. The government highlights the following considerations:

### A.  Seriousness of the offense

We live in a time of unprecedented political violence, where disagreements over policies and politics are too often used to justify violence. The statutes at issue here criminalize words – true threats – and these words cause real damage to the victims and to the community. Hamelin's disturbing true threats set law enforcement officials into urgent action to ensure no one was in fact killed the way Hamelin threatened. Had it not been for their quick intercession, we need not guess what Hamelin would have done because he detailed exactly what he planned to do. He mapped out his plan to execute his victim with a letter opener.

The sentence imposed in this case should reflect just how seriously the Court deems these true threats. Threats to kill family members of public officials are severe and significant crimes; a sentence just over 4 years will adequately reflect that severity in this particular case.

\\

\\

**B.  History and characteristics of the defendant**

Hamelin is undeniably a danger to this community and any community of which he is a part, including in the Bureau of Prisons. Paragraphs 48-51 of the PSR demonstrate that Hamelin has had a long, frightening, violent history. In 2023, he returned to his old violent ways. Even while in custody on this case, Hamelin wrote threatening letters stating his desire to kill top executives at Core Civic; to torture a family member of executive employees of Core Civic, how he was thinking of using a hatchet on someone and writing a message on a wall with their blood; he even wrote a letter to undersigned counsel and the warden of the Nevada Southern Detention Center with what appeared to be a list of people he wants to murder.

Hamelin has also taken violent actions while in custody: he threw a chair at a detention officer, PSR ¶ 9, and Hamelin placed his hands on another inmate's neck and pushed him backwards. PSR ¶ 11.

Undersigned counsel recognizes and appreciates the fact that Hamelin clearly struggles with mental health issues. That can and should be considered by the Court in fashioning a sentence, including the terms of supervised release. The fact remains that Hamelin currently poses a significant danger to society, and there is no indication that the danger he poses will decrease any time soon. A sentence of 46 months is appropriate on such facts.

**C.  Deterrence**

Hamelin has demonstrated that he is not deterred from criminal actions by lengthy prison terms. However, the government submits that general deterrence is needed for a case like this, involving such violent threats. The sentence imposed should send a message to the

community that threatening family of federal officials will not be tolerated, and will result in a lengthy term of incarceration. A sentence of 46 months should serve this purpose.

**D. Supervised release**

The government requests that the Court impose the recommended three-year term of supervised release with the standard and special conditions recommended by the United States Probation Office as the recommended conditions are likely to aid in Hamelin's rehabilitation and reentry. To assist in his successful reentry into society, the government requests that the Court impose the mental health condition. To further ensure the safety of the community, the government also requests that conditions 2 and 3 on page 29 of the PSR be imposed and that Hamelin be specifically reminded of these conditions at sentencing.

DATED: June 4, 2024

JASON M. FRIERSON
United States Attorney
District of Nevada

*/s/ Jacob Operskalski*
JACOB OPERSKALSKI
Assistant United States Attorney