RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JOANNE L. DIAMOND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Joanne_Diamond@fd.org

Attorney for Anthony Lewis Hamelin

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00111-GMN-DJA |
| Plaintiff, | **Motion to Withdraw Guilty Plea** |
| v. | |
| ANTHONY LEWIS HAMELIN, | |
| Defendant. | |

Anthony Hamelin, through counsel, moves to withdraw his guilty plea under Fed. R. Crim. P. 11(d)(2)(B).[1] As a result of his mental illness, Mr. Hamelin's guilty plea was not knowing and voluntary.

---

[1] This motion is timely filed; no deadline applicable.

I.  Background

On October 13, 2023, Mr. Hamelin filed a notice, pursuant to Fed. R. Crim. P. 12.2, of his intent to assert a defense of insanity at the time of the offense. ECF No. 17. The notice was accompanied by a report by psychiatrist, Melissa Piasecki, M.D., recounting Mr. Hamelin's long history of mental illness. ECF No. 17-1 at 2-3. On November 2, 2023, the government filed a motion for Mr. Hamelin to undergo a pretrial psychiatric or psychological examination pursuant to Federal R. Crim. P. 12.2(c)(1)(B). ECF No. 24. Mr. Hamelin filed a notice of non-opposition. ECF No. 28. On December 1, 2023, this Court granted the motion, ordering that, in accordance with 18 U.S.C. § 4242, the United States Marshals Service transport Mr. Hamelin to a suitable Bureau of Prisons (BOP) facility for a psychiatric or psychological evaluation to determine whether he was insane at the time of the offense. ECF No. 30. Mr. Hamelin was never transported to the BOP.[2]

On March 11, 2024, pursuant to a plea agreement with the government, Mr. Hamelin pled guilty to both counts charged in the indictment (ECF No. 10): 18 U.S.C. § 115(a)(1)(A), Influencing, impeding, or retaliating against a Federal official by threatening a family member, and 18 U.S.C. 875(c), Transmitting a Communication Containing a Threat to Injure. ECF No. 39. Mr. Hamelin came before the Court for sentencing on June 10, 2024. Based on concerns about the validity of his guilty plea, the Court continued Mr. Hamelin's sentencing to June 12, 2024, to allow him to further consult with counsel. ECF No. 46.

---

[2] On February 21, 2024, the parties filed a stipulation to stay this Court's transport order while they tried to negotiate the case. ECF No. 34.

## II. Argument

"Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty prior to the imposition of sentence if he can show a fair and just reason for requesting the withdrawal." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (cleaned up). "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid." *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005). "In this Circuit, fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *McTiernan*, 546 F.3d at 1167 (cleaned up). "[T]he 'fair and just' standard is generous and must be applied liberally." *Id.*

As this Court recognized at the June 10 hearing, Mr. Hamelin's mental illness can constitute a fair and just reason for the withdrawal of his guilty plea. In his recent letters to the Court, Mr. Hamelin explained that at the time he entered his guilty plea he was experiencing a mental health crisis brought on by the uncertainly caused by the delay in his transfer to BOP and the news that his cousin Cindy was dying of cancer. *See* ECF Nos. 47-40. As such, his plea was not knowing and voluntary and he moves to withdraw it. *See Sieling v. Eyman*, 478 F.2d 211, 215 (9th Cir. 1973) ("A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea.") (cleaned up).

**III.   Conclusion**

For the foregoing reasons, Mr. Hamelin respectfully requests to withdraw his guilty plea in accordance with Fed. R. Crim. P. 11(d)(2)(B).

DATED: June 11, 2024.

                                                RENE L. VALLADARES
                                                Federal Public Defender

                                    By:   */s/ Joanne L. Diamond*
                                                JOANNE L. DIAMOND
                                                Assistant Federal Public Defender
                                                Attorney for Anthony Hamelin